IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN D. ROGERS, | ) | No. C 10-2319 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS PETITION; DENYING |
| v. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| ROBERT HOREL, Warden, | ) | |
| | ) | (Docket No. 6) |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two administrative decisions by the California Department of Corrections and Rehabilitation. Petitioner claims that the California Department of Corrections violated his federal constitutional rights by precluding him from earning work and good time credits after he was placed into the Behavioral Modification Unit ("BMU") program. Respondent challenges the instant petition, arguing that it is untimely. Petitioner filed an opposition to the motion, and Respondent filed a reply. For the reasons stated below, the Court will GRANT Respondent's motion to dismiss the petition as untimely.

**BACKGROUND**

On September 28, 2006, Petitioner was placed into the BMU after serving a fifteen month sentence in the Secured Housing Unit for being found guilty of conspiracy to commit battery on an inmate with a weapon. (Petition at 2, Ex. C.) Because of his placement into the BMU, Petitioner was no longer classified under the "A1" work status, in which he earned half-time credits, but placed instead into the "C" work status, in which he was not eligible to earn good time or work credits.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\Rogers319mtdtime.wpd

(Petition at 2.) Petitioner appealed the decision, and his appeal was denied at the Director's level of review on May 14, 2007. (*Id.*; Ex. A.) In the meantime, on March 13, 2007, Petitioner was again placed into the BMU, and again placed into the "C" work status. (Petition at 2.) He appealed this decision, and was denied at the Director's level of review on October 23, 2007. (*Id.*; Ex. B.)

On November 4, 2009, Petitioner filed a state habeas petition in superior court. (Petition, Ex. I.) After that petition was denied, Petitioner filed state habeas petitions in the California Court of Appeal and California Supreme Court. (*Id.*) Both were denied. (*Id.*) Petitioner filed the instant federal petition on May 14, 2010.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (*quoting* 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions, section 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. *See id.* at 1066 (limitation period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision). The "factual predicate" of the habeas claims is the administrative appeal

board's denial of the administrative appeal; it is not the denial of the state habeas petition. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003).

Here, the dates upon which Petitioner learned of the factual predicates of his claim – that is, when Petitioner learned that he was being classified under the "C" work group where he would not be earning time credits -- are the dates Petitioner's administrative appeals were denied, i.e., on May 7, 2007 and October 23, 2007. (Petition, Exs. A, B.) Therefore, giving Petitioner the benefit of the doubt, the limitations period began running at the latest, on October 24, 2007. *See Shelby*, 391 F.3d at 1066. Thus, Petitioner had until October 23, 2008 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition was not filed until May 14, 2010, which was after the expiration of the limitations period. Thus, absent tolling, Petitioner's petition is untimely.

The one-year statute of limitations is tolled under section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (*quoting* 28 U.S.C. § 2244(d)(2)). Petitioner's first state habeas petition was filed on November 4, 2009. However, because the limitations period ended over a year prior, on October 23, 2008, Petitioner is not entitled to statutory tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (recognizing that a state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitation period.)

Petitioner concedes that he filed his federal petition beyond the statute of limitations, but argues that he did not discover that the prison was not allowed to prevent him from receiving credits merely for being placed in the BMU until July 2009. (Opp. at 2.) According to the decisions of Petitioner's administrative appeals, Petitioner was placed into the BMU pilot program, which was implemented on November 21, 2005, at Pelican Bay State Prison, pursuant to California Penal Code § 5058.[1] (Petition, Exs. A, B.)

---

[1] Section 5058(a) provides, "The director may prescribe and amend rules and regulations for the administration of the prisons and for the administration of the parole of persons sentenced under Section 1170 except those persons who meet the criteria set forth in Section 2962." Although not specifically cited by the administrative appeal decisions, it appears that the BMU pilot program was also authorized by section 5058.1, which states, "(a) For the purposes of this section, "pilot program" means a program implemented on a temporary and limited basis in order to test and

Petitioner argues that, at the time that he appealed the decision to place him in the BMU, the pilot program was not codified in the California Code of Regulations ("CCR") as required. (Petition at 2.) Therefore, he was unaware of any regulations that controlled the BMU. (*Id.*) Only when Petitioner was given a current copy of Title 15 of the CCR in July 2009 did he learn that he did not fit within the criteria required for being placed into the "C" work status group.[2] *See* Cal. Code Regs., tit. 15 §§ 3334(e)(1), 3044, 3000. (Petition at 4.)

To the extent Petitioner argues that the statute of limitations should not have begun until this discovery in July 2009, such an argument is unavailing. *See* 28 U.S.C. § 2244(d)(1)(D). Under section 2244(d)(1)(D), the one-year limitations period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (*quoting Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding the case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of ineffective assistance of counsel claim); *see, e.g.*, *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) (holding that a decision by Supreme Court of California clarifying the state's criminal law in a way potentially favorable to petitioner's federal claim did not constitute a fact triggering a new limitations period under section 2244(d)(1)(D)). Here, the date Petitioner discovered the factual predicate of his claim was October 23, 2007 -- the date the denial of his administrative appeal became final. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003).

To the extent Petitioner argues that he is entitled to equitable tolling, he does not meet his burden of demonstrating that a basis for such tolling exists. *See Miranda v. Castro*, 292 F.3d 1063,

---

evaluate the effectiveness of the program, develop new techniques, or gather information." Cal. Penal Code § 5058.1.

[2] The Court notes that, at the time Petitioner was placed in the BMU, the program was a "pilot program," as defined by California Penal Code § 5058.1. Thus, by definition, the program was not codified in the CCR, and, in fact, was not promulgated into law until 2008. *See* Cal. Code Regs., tit. 15 § 3334(e)(1). Even assuming that Petitioner did not qualify under the criteria for being placed into the "C" work status group pursuant to the regulations in 2008, that assumption does not have bearing on whether such restrictions were appropriate and applicable to him under the BMU pilot program in 2006 and 2007.

1065 (9th Cir. 2002). The Supreme Court has determined that section 2244(d), is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562.

Petitioner alleges that he had requested a copy of the Administrative Bulletin 05/02, which described the BMU pilot program, several times but was never given a copy. (Opp. at 2.) Even assuming that attempting to obtain copies of the Administrative Bulletin was a demonstration that he was pursuing his rights diligently, Petitioner does not show, nor does he allege, that he attempted to pursue these rights during the one-year statute of limitations. Moreover, Petitioner does not mention what extraordinary circumstance stood in his way and *prevented* him from filing a timely federal petition. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *see, e.g.*, *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). Thus, Petitioner is not entitled to equitable tolling.

Accordingly, Petitioner's petition must be dismissed as untimely.

## CONCLUSION

Respondent's motion to dismiss the petition (docket no. 6) is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in

its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:   1/21/11

LUCY H. KOH
United States District Judge